IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF INDIANA

| | |
|---|---|
| SYNERGY RESTAURANT GROUP, LLC d/b/a RALLY'S, <br><br> Plaintiff, <br><br> v. <br><br> NATIONWIDE MUTUAL INSURANCE COMPANY and ALLIED INSURANCE COMPANY OF AMERICA, <br><br> Defendants. | Case No. 1:20-cv-00190 |

## NOTICE OF REMOVAL

PLEASE TAKE NOTICE that the defendants, Nationwide Mutual Insurance Company and Allied Insurance Company of America (collectively, the "Defendants"), hereby remove the state court action entitled *Synergy Restaurant Group, LLC d/b/a Rally's v. Nationwide Mutual Insurance Company and Allied Insurance Company of America*, Docket No. 02D01-2004-PL-000146 (the "Action"), from the Superior Court of Allen County to this Court based upon diversity of citizenship and an amount in controversy exceeding $75,000. *See* 28 U.S.C. §§ 1332, 1441, and 1446. The grounds for removal are as follows:

### I. PLEADINGS

1.  This action arises from an insurance coverage dispute in which the plaintiff, Synergy Restaurant Group, LLC d/b/a Rally's ("Plaintiff"), alleges that Defendants failed to pay the full amount of coverage owed to Plaintiff under an insurance policy. *See generally* Complaint, attached as **Exhibit A** (copy of complaint and summons served on Defendants' registered agent). Specifically, Plaintiff is the operator of a Rally's fast food restaurant located in Fort Wayne that was damaged by a fire in June 2019, and Plaintiff alleged that Defendants "failed to pay approximately one hundred and fifty-three thousand ($153,000) due under Policy

US.127946178.01

coverages relating to damage from the fire." *Id.*, ¶ 1.  Plaintiff also asserts a breach of contract claim alleging Defendants violated duties of good faith and fear dealing regarding the handling of the insurance claim and requests punitive damages.  *See id.*, ¶¶ 11-12.

2.  Plaintiff served both Defendants on April 23, 2020 by certified mail on their registered agent.

3.  Each of the Defendants consents to the removal and are filing the notice of removal jointly.

4.  Defendants have not yet answered or otherwise responded to the Complaint.

## II.  REMOVAL IS PROPER IN THIS CASE

5.  This is a civil action over which this Court has original jurisdiction pursuant to 28 U.S.C. § 1332.  The Action may be removed pursuant to 28 U.S.C. § 1441 because (i) removal is timely, (ii) there is complete diversity of citizenship between the parties pursuant to 28 U.S.C. § 1332(c)(1), (iii) the amount in controversy requirement set forth in 28 U.S.C. § 1332(a) is satisfied, and (iv) this Court is the proper venue.

**A.  Removal Is Timely.**

6.  Removal is timely, pursuant to 28 U.S.C. § 1446(b), because Defendants were served on April 23, 2020, and is filing this removal within 30 days of service.  *See Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 354 (1999) (holding that the 30-day clock for removal does not begin to run until service is perfected).

**B.  The Diversity of Citizenship Requirement is Satisfied.**

7.  The Complaint incorrectly alleges that Plaintiff is "an Indiana for profit corporation with is headquarters located in Babylon, New York".  *See* Complaint, ¶ 2.  Public records from the Indiana Secretary of State's office confirm that Plaintiff is a limited liability company (LLC) organized under Indiana law, with its principle place of business in Babylon,

New York.  *See* Secretary of State Registration Information for Synergy Restaurant Group, LLC, attached as **Exhibit B**.  A limited liability company has the citizenship of each of its members.  *Cosgrove v. Bartolotta*, 150 F.3d 729, 731 (7th Cir. 1997).  The sole member of Synergy Restaurant Group, LLC, is Mr. Robert Ruggieri, a private individual residing in Babylon, New York.  *See* Exhibit B (listing membership of LLC).  Based on these public records and allegations in the Complaint, Plaintiff is a citizen of New York for diversity jurisdiction purposes.

8. Nationwide Mutual Insurance Company is "a mutual insurance company licensed to do business in the State of Indiana with its principal headquarters located in Columbus, Ohio.  *See* Complaint, ¶ 3.  Nationwide Mutual Insurance Company is registered as a corporation in Ohio and is therefore a citizen of Ohio for purposes of diversity jurisdiction.  *See* 28 U.S.C. § 1441.

9. Allied Insurance Company of America is "an insurance company licensed to do business in the State of Indiana with its headquarters located in Des Moines, Iowa."  Complaint, ¶ 4.  Allied Insurance Company of America is therefore a citizen of Iowa for purposes of diversity jurisdiction.  *See* 28 U.S.C. § 1441.

10. Therefore, there is complete diversity between Plaintiff and Defendants.

**C.**    **The Amount in Controversy Requirement is Satisfied.**

11. Plaintiff alleges that is owed approximately $153,000 under the insurance policy that it had with Defendants.  *See* Complaint, ¶ 1.

12. As expressly reflected by the allegations in Complaint, the amount in controversy in this case exceeds $75,000, exclusive of interest and costs.  *See* 28 U.S.C. § 1332(a); *NLFC, Inc. v. Devcom Mid-America, Inc.*, 45 F.3d 231, 237 (7th Cir. 1995) ("Generally the amount in controversy claimed by a plaintiff in good faith will be determinative on the issue of

jurisdictional amount, unless it appears to a legal certainty that the claim is for less than that required by the rule.").

**D.      Venue and Other Requirements Are Satisfied.**

13.     The Northern District of Indiana is the proper federal court venue for all removable cases filed in Allen County, Indiana.  Thus, this Court is the proper venue for the Action pursuant to 28 U.S.C. § 1441(a).

14.     Pursuant to 28 U.S.C. § 1446(d), Defendants are filing a written notice of this removal (attached as **Exhibit C**) with the Clerk of the Superior Court of Allen County, Indiana, which, along with this notice, is being served upon Plaintiff's counsel as required by 28 U.S.C. § 1446(d).

15.     Pursuant to 28 U.S.C. § 1446(a), copies of all process, pleadings, and orders served upon Defendants are attached as **Exhibit A**.

For the foregoing reasons, federal jurisdiction exists under 28 U.S.C. § 1332(a), and removal is appropriate under 28 U.S.C. § 1441(a).

                                                FAEGRE DRINKER BIDDLE & REATH LLP

Dated:  May 8, 2020                          By: */s/ Eldin Hasic*
                                                     Eldin Hasic (IN 32627-02)
                                                     110 West Berry Street, Suite 2400
                                                     Fort Wayne, Indiana  46802-2322
                                                     Telephone:  (260) 424-8000
                                                     Facsimile:  (260) 460-1700
                                                     Email:  eldin.hasic@faegredrinker.com

                                                   *Attorneys for Defendants, Nationwide Mutual*
                                                   *Insurance Company and Allied Insurance Company*
                                                   *of America*

**CERTIFICATE OF SERVICE**

I certify that on May 8, 2020, I filed the foregoing Notice of Removal, which will give notice to all parties and their counsel of record who have enrolled in the system. I also served a copy of the foregoing via regular U.S. Mail upon:

>Nathaniel O. Hubley, Esq.
>John C. Theisen, Esq.
>Theisen & Associates, LLC
>810 South Calhoun Street, Suite 200
>Fort Wayne, Indiana  46802

*/s/ Eldin Hasic*