UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| SYNERGY RESTAURANT GROUP, LLC<br>d/b/a RALLY'S<br><br> Plaintiff,<br><br>v.<br><br>NATIONWIDE MUTUAL INSURANCE<br>COMPANY and ALLIED INSURANCE<br>COMPANY OF AMERICA,<br><br> Defendants. | CAUSE NO.: 1:20-CV-190-HAB |

## OPINION AND ORDER

The Plaintiff in this litigation, Synergy Restaurant Group, LLC d/b/a Rally's ("Rally's") commenced this suit by filing its state court complaint on April 13, 2020. (ECF No. 2). The Complaint alleges that the Defendant insurers failed to pay the full amount of coverage owed to Plaintiff under an insurance policy. The Defendant insurers removed the action to this court on the basis of diversity jurisdiction, 28 U.S.C. §1332, and then moved to dismiss Count II of the Complaint. (ECF Nos. 1, 10). Rally's responded to the motion to dismiss and simultaneously filed a Motion to Amend its Complaint. (ECF Nos. 17, 18). Defendants filed a joint reply and objection to the Motion to Amend. (ECF No. 19). These motions are fully briefed and ripe for the Court's consideration.

## DISCUSSION

This action arises from the June 7, 2019, fire at a Rally's restaurant located at 5607 South Anthony Boulevard in Fort Wayne, IN, causing substantial damage to the restaurant. At the time of the fire, Rally's was an insured under a policy of insurance with each of the Defendant insurers.

As set out in the Complaint, Rally's asserts that the Defendant insurers have failed to pay approximately one hundred and fifty-three thousand dollars ($153,000) it believes it is due under the policy coverages. Rally's contends that it has repeatedly demanded payment under the policy coverages and the Defendants have consistently refused to pay. Rally's asserts that this refusal to pay breaches the insurance contract (Count I) and that the Defendants' conduct violates the duty of good faith and fair dealing (Count II). Defendants moved to dismiss Count II asserting that the Complaint failed to provide any facts to demonstrate bad faith conduct on the insurers' parts. Rally's then sought to cure this alleged deficiency by requesting leave to file an amended complaint.

The proposed Amended Complaint restates the above facts of the original Complaint but adds the following additional factual allegations to bolster its bad faith allegations: (1) after the fire, the Defendants' adjuster hired their own structural engineer, EFI Global ("EFI"), to assess the damage; (2) the Defendants completed an initial quote prior to EFI providing drawings necessary to properly assess the damage; (3) when EFI's drawings finally arrived, they conflicted with the initial quote Defendants prepared; (4) Rally's contacted Lawrence Building Corp. ("LBC") for a proposal based on engineering drawings; (5) Rally's provided LBC's proposal to Defendants' adjuster, Jason Stein ("Stein"). Stein did not reject the proposal and emailed LBC on several occasions to check on the work progress and anticipated reopening of Rally's; (6) after the work had begun, Defendants refused, for unknown reasons, to pay for the work causing LBC and its subcontractors to shut down work; (7) because of Defendants' refusal to pay, Rally's was forced to pay the open balances to LBC and its subcontractors to avoid liens, re-open the business and mitigate its business loss; (8) despite no objection to the original proposal, repeated demands for payment, and no reason offered for the refusal to pay, Defendants refuse to pay $153,650.84 owed

under the policy. (Proposed Am. Compl. ¶¶s 8–18, 21, ECF No. 18-1). Rally's further asserts that this conduct by the Defendants evidences willful, malicious, and oppressive conduct.

**A.      Federal Rule of Civil Procedure 15 and 16**

Under Federal Rule of Civil Procedure 15, a party may amend its pleading once as a matter of course within twenty-one days after serving it, or if the pleading is one to which a responsive pleading is required, twenty-one days after service of a responsive pleading or twenty-one days after service of a motion under Federal Rule of Civil Procedure 12(b), (e), or (f), whichever is earlier. Fed. R. Civ. P. 15(a)(1).  Otherwise, a plaintiff may amend only by leave of the court or by written consent of the adverse party. Fed. R. Civ. P. 15(a)(2).  Leave to amend is freely given when justice so requires. Fed. R. Civ. P. 15(a)(2).  However, this right is not absolute, *Brunt v. Serv. Employees Int'l Union*, 284 F.3d 715, 720 (7th Cir. 2002), and can be denied for undue delay, bad faith, dilatory motive, prejudice, or futility. *Ind. Funeral Dirs. Ins. Trust v. Trustmark Ins. Corp.*, 347 F.3d 652, 655 (7th Cir. 2003).

Moreover, the requirements of Rule 15 must be read in conjunction with the requirements of Federal Rule of Civil Procedure 16 because once the district court has filed a pretrial scheduling order pursuant to Rule 16 establishing a time-table for amending pleadings, that rule's standards control. *Alioto v. Town of Lisbon*, 651 F.3d 715, 719 (7th Cir. 2011); *BKCAP, LLC v. Captec Franchise Trust 2000-1*, 3:07-cv-637, 2010 WL 1222187, at *2 (N.D. Ind. Mar. 23, 2010) (citing *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 607-08 (9th Cir. 1992)). Rule 16(b)(3)(A) requires that the scheduling order "limit the time to join other parties, amend the pleadings, complete discovery, and file motions." In this case, the scheduling order authorized amended pleadings through July 31, 2020. Rally's moved to amend prior to that date and thus, the only issue is whether amendment is warranted and should be "freely given" in this case.

**B.     Discussion**

Defendants assert that the proposed Amended Complaint fails to cure the deficiencies in the original Complaint because the additional allegations merely confirm that a bona fide coverage dispute exists between the parties and such a dispute cannot become the basis of a bad faith claim. (ECF No. 19 at 3). Thus, they assert that the attempt to amend Count II is futile.

An amendment is futile if it would not survive a dispositive motion such as a motion to dismiss. See *Duthie v. Matria Healthcare, Inc.*, 254 F.R.D. 90, 94 (N.D. Ill. 2008)("For the plaintiffs, futility is measured by the capacity of the amendment to survive a motion to dismiss." (citing *Crestview Vill. Apts. v. U.S. Dep't of Hous. & Urban Dev.*, 383 F.3d 552, 558 (7th Cir. 2004); *Barry Aviation Inc. v. Land O' Lakes Mun. Airport Comm'n*, 377 F.3d 682, 687 n.3 (7th Cir. 2004) (collecting cases)). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *McCoy v. Iberdrola Renewables, Inc.*, 760 F.3d 674, 685 (7th Cir. 2014)(citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009), quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

In this case, the Court has little trouble concluding that the allegations in the proposed Amended Complaint state a claim to relief for bad faith as Indiana law defines it. "Indiana law has long recognized that there is a legal duty implied in all insurance contracts that the insurer deal in good faith with its insured." *Erie Ins. Co. v. Hickman ex rel. Smith*, 622 N.E.2d 515, 518 (Ind. 1993).

> An insurance company's duty of good faith and fair dealing includes the obligation to refrain from: (1) making an unfounded refusal to pay policy proceeds; (2) causing an unfounded delay in making payment; (3) deceiving the insured; and (4) exercising an unfair advantage to pressure an insured into settlement of his claim. To prove bad faith, the plaintiff must establish by clear and convincing evidence that the insurer had knowledge that there was no legitimate basis for denying liability. Poor judgment or negligence do not amount to bad faith; the additional element of conscious wrongdoing must also be present. Thus, [a] finding of bad

faith requires evidence of a state of mind reflecting dishonest purpose, moral obliquity, furtive design, or ill will.

*Missler v. State Farm Ins. Co.*, 41 N.E.3d 297, 302 (Ind. Ct. App. 2015) (citations and internal quotations omitted).

The proposed Amended Complaint checks all the boxes to plausibly assert a bad faith claim under Indiana law. Not only does it allege that Defendants made an unfounded refusal to pay policy proceeds, but it also alleges, that the Defendants' adjuster, by failing to object to the work proposal and failing to identify any coverage issues with the work proposal, deceived Rally's into believing that work performed by LBC would be repaid when, in fact, Defendants have refused without providing a valid reason for that failure to repay. From these allegations, it can be further plausibly inferred that no reason was given to Rally's for the failure to pay because the Defendants recognize no legitimate basis for denying liability under the policy or otherwise. Taking the allegations in the proposed Amended Complaint as true – as the Court must do at this stage – Rally's proposed Amended Complaint pleads facts that could state a plausible claim upon which relief could be granted.

Nonetheless, Defendants argue that because the proposed Amended Complaint contains language at ¶ 15 suggesting that Defendants provided a basis for not repaying, the proposed amendments do not support a bad faith claim. Paragraph 15 of the proposed Amended Complaint states: "The Defendants are apparently taking the position that they should not have to pay for the replacement of the electrical and wiring even though required by the Electrical Inspector for Allen County because, according to the Defendants, the wiring was old and needed to be replaced." (Proposed Am. Compl. ¶ 15). This paragraph, Defendants allege, proves that there is a legitimate coverage dispute at work, not a bad faith claim.

Defendants are correct that under Indiana law, a good faith dispute about whether the insured has a valid claim will not supply the grounds for recovery in tort for the breach of the obligation to exercise good faith. *Hickman,* 622 N.E.2d at 520. Indeed, an insurance company has a right to be wrong without being exposed to liability for bad faith. But the insurance company may not be wrong, and also lack a rational, principled basis for its decision. *Freidline v Shelby Ins. Co.*, 774 N.E. 2d 37, 40 (Ind. 2002). Paragraph 15 of the proposed Amended Complaint does not vindicate the Defendants simply because it indicates that "some" reason "may" be the basis of the Defendants refusal to pay. When read against the remainder of the proposed allegations, all of which assert the absence of a rational, principled policy basis at all for the refusal to pay, the proposed allegations withstand scrutiny.[1]

Finally, Defendants assert that the proposed Amended Complaint is "devoid of any factual allegations that would demonstrate or even suggest ill will or dishonest conduct by [the Defendants]" and the "proposed amended allegations fail to include facts demonstrating conscious wrongdoing by [the Defendants]." (ECF No. 19 at 4, 5). However, Rally's is not required to plead malice, intent, or knowledge with particularity. Fed.R.Civ.P. 9(b); *HMV Indy I, LLC v. HSB Specialty Ins. Co.,* 413 F. Supp. 3d 801, 807 (S.D. Ind. 2019) (denying insurer's motion to dismiss on grounds that it failed to plead intent with specific facts). Moreover, requiring an insurer to "plead facts that establish *why* there existed no rational, principled basis for refusal and *how* [the insurer] knew it had no basis would impose a heightened pleading standard on [the insured] that is simply not required in this context." *Id.*; *See also, Skinner v. Metro. Life Ins. Co.*, 829 F.Supp.2d 669, 678 (N.D. Ind. 2010) (requiring a plaintiff to make specific allegations of bad faith and to

---

[1] Ultimately, whether this is a good faith coverage dispute or not, is not the question before the Court here. Certainly, the Defendants' rationale for the denial of coverage should be thoroughly investigated through the discovery process and revisited at summary judgment, if appropriate.

6

plead the proper state of mind in the complaint would be tantamount to applying a heightened fact or pleading standard; *Sanyo Laser Prods. v. Royal Ins. Co. of Am.*, 2003 WL 23101793 (S.D. Ind. 2003). Thus, it is enough that, when taken as true, the facts demonstrate that Rally's had a valid claim under the policy coverages, the Defendants refused to pay the valid claim, and the Defendants did so without justification or with little justification. As the Court finds these factual allegations in the proposed Amended Complaint here, the request to amend is not futile and Rally's Motion for Leave to Amend is GRANTED.

## **CONCLUSION**

Based on the foregoing, Rally's Motion for Leave to Amend the Complaint (ECF No. 18) is GRANTED.  Rally's is DIRECTED to file its Amended Complaint as a separate docket entry within ten (10) days of this order. Upon the filing of the Amended Complaint in accordance with this Opinion and Order, the Defendants' Motion to Dismiss (ECF No. 10) will be DENIED as MOOT.

SO ORDERED on August 12, 2020.

 s/ Holly A. Brady
JUDGE HOLLY A. BRADY
UNITED STATES DISTRICT COURT